CATHOLINA LAMBERT v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON AND ANOTHER.

Submitted March 23, 1905—Decided June 12, 1905.

1. Changing the lines of a street by vacating a portion, and thus narrowing the street, is an alteration, and notice of intention to vacate is required by section 98 of the charter of Paterson. *Pamph. L.* 1871, *p.* 848.
2. The charter requires that objections filed pursuant to the statute shall be considered by the board of aldermen; consideration by a committee is not enough.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *George S. Hilton.*

For the defendant the Passaic Rolling Mill Company, *William B. Gourley.*

The opinion of the court was delivered by

SWAYZE, J. The question in this case is the validity of an ordinance vacating a portion of Getty avenue, adjoining land of the Passaic Rolling Mill Company. The street at that point is eighty feet wide. The portion vacated is a strip thirty feet wide by about eleven hundred feet long. The effect of the vacation is to narrow the street from eighty to fifty feet. The prosecutor owns land abutting on Getty avenue south of the portion proposed to be vacated.

The history of the proceedings is as follows: The Passaic Rolling Mill Company, under date of January 4th, 1901, petitioned the board of aldermen to alter and vacate the part of the street in question. On January 7th, 1901, the board passed a resolution directing the street commissioner to advertise the intention of the city to have the street altered and vacated. Advertisements were published and objections filed with the

street commissioner by the prosecutor and other property owners. These objections were submitted to the committee on streets and sewers, and hearings had before that committee. The last hearing was had on March 15th, and a motion to report favorably to the board of aldermen was lost. Meantime, on March 4th, an ordinance to vacate had been introduced in the board. No hearing was had before the board. On March 18th, three days after the committee on streets had refused to make a favorable report, the then pending ordinance was withdrawn. A new ordinance, differing somewhat from the former, was introduced, and finally passed, on April 1st, without any hearing or opportunity therefor.

The charter of Paterson (*Pamph. L.* 1871, *p.* 848, § 98) enacts that whenever any application shall be made for the opening, altering or widening of any street, or when the board of aldermen shall propose to open, alter or widen any street, the board shall give notice in two daily newspapers describing the work and requesting such persons as may object to present their objections in writing at the office of the superintendent of streets.

We think a proceeding, the object of which is to alter the street lines by narrowing the street, comes within the provisions of this section, and requires the notice provided in the charter. In this case the petition itself requests the board of aldermen to "alter" a portion of Getty avenue.

The object of the notice is to give persons interested an opportunity to present objections, and the charter provides that after the expiration of twenty days from the date of the notice the board of aldermen may proceed to consider the ordinance. We think this requires a consideration by the board of the objections which may be filed with the street commissioner. Unless this were the object of the statute, there would be no reason for postponing the consideration of the matter by the board until the expiration of the time for filing objections. In the present case there was no consideration of the objections by the board. There was a hearing before a committee, but that committee refused to report favorably. They were not relieved from further consideration

of the matter, and it was still pending before them, when the ordinance was withdrawn and a new ordinance introduced. We think that this action was not such a consideration by the board as the statute requires, and for this reason the ordinance is invalid.

The prosecutor has a standing to prosecute the writ. There is evidence that the property of the prosecutor will be damaged. Counsel for the defendant does not contest the fact, but argues that the damages will be infinitesimal, and may be properly adjudicated when the award of damages for the vacation of the street is made.

The case is within the rule of *Beecher* v. *Newark,* 35 *Vroom* 475; affirmed, 36 *Id.* 307.

The ordinance must be set aside, with costs.